# UNITED STATES DISTRICT COURT

for

District of Guam

## Report for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

| | | | |
|---|---|---|---|
| Name of Offender: | **David Golanowski Flores** | Case Number: | **CR 04-00026-001** |
| Name of Sentencing Judicial Officer: | Honorable Ricardo S. Martinez | | |
| Date of Original Sentence: | June 6, 2005 | | |

Original Offense: Attempted Possession with Intent to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Original Sentence: 18 month imprisonment, followed by a four year term of supervised release with conditions: not commit another federal, state, or local crime; not unlawfully possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; not possess a firearm, ammunition, destructive device, or any other dangerous weapon; cooperate in the collection of DNA; comply with the standard conditions of supervision; participate in a program approved by the U.S. Probation Office for assessment and treatment of narcotic addiction or drug or alcohol dependency, which will include testing for the detection of substance use or abuse; obtain and maintain gainful employment; perform 200 hours of community service; and pay a $100 special assessment fee.

Type of Supervision: Supervised Release     Date Supervision Commenced: November 16, 2006

**PETITIONING THE COURT**

☐ To extend the term of supervision for _____ years, for a total term of _____ years.

☒ To modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender                                                                                              page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Mr. Flores' history of drug use, and the drug detection period of his drug of choice. As methamphetamine is Mr. Flores' current drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Mr. Flores. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests Mr. Flores must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Mr. Flores submitted to a DNA sample of his blood on September 7, 2006, completed the year long drug treatment and testing program on December 15, 2007, completed his community service requirement on January 27, 2007, and paid his $100 special assessment fee on September 19, 2005. In addition, Mr. Flores completed his prerelease home confinement term, and has a fee balance of $93.44. In addition, Mr. Flores is a full-time student at the Guam Community College in lieu of employment at this time. Furthermore, he submits his monthly supervision reports in a timely manner.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Flores' consent to the modification.

Reviewed by:

/s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

Date: March 14, 2008

Respectfully submitted,

by: /s/ JOHN W. SAN NICOLAS II
U.S. Probation Officer

Date: March 14, 2008

THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above.
[x] The Modification of Conditions as Noted Above.
[ ] Other      Issuance of a:   [ ] Summons   [ ] Warrant

/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Mar 20, 2008